JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
Assistant United States Attorney
Major Frauds Section
SARAH E. SPIELBERGER (Cal Bar No. 311175)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4477/3358
     Facsimile: (213) 894-6269
     E-mail:    mark.aveis@usdoj.gov
                sarah.spielberger@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

```
F I L E D
CLERK, U.S. DISTRICT COURT

2/06/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ASI_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>              v.<br><br>MAC MARTIN ANDERSON,<br>     aka "Max Anderson,"<br><br>        Defendant. | No. CR 5:25-cr-00031-KKK<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MAC MARTIN ANDERSON |

     1.   This constitutes the plea agreement between MAC MARTIN

ANDERSON, also known as ("aka") Max Anderson ("defendant"), and the

United States Attorney's Office for the Central District of

California ("the USAO") in the criminal investigation relating to

willfully subscribing to false tax returns in connection with

defendant's association with Stan Lee.  This agreement is limited to

the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.    Defendant agrees to:

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with two counts of willfully subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

i.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    Complete the Financial Disclosure Statement on a form provided by the United States and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the United States by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.    Authorize the United States to obtain a credit report upon returning a signed copy of this plea agreement.

l.    Consent to the United States inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>PAYMENT OF TAXES OWED</u>

3.    Defendant admits that defendant received at least approximately $1,236,485 of unreported, combined income for tax years 2015 through and including 2018, for a combined tax due and owing for such years of approximately $482,833, as more fully detailed below. Defendant agrees that:

a.    Defendant will, prior to the time of sentencing: file amended returns for the years subject to the above admissions; if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns; pay to the Fiscal Clerk of the Court at or before sentencing all additional taxes and all penalties and interest assessed by the Internal Revenue Service on the basis of the returns; and promptly pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational error(s).  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

b.    Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

c.    Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

d.    Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6651(f), on the understatements of tax liability for tax years 2015 through and including 2018.

e.    Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the

criminal investigation of this matter, including materials and

information obtained through grand jury subpoenas.

f.    Defendant will sign closing agreements with the

Internal Revenue Service contemporaneously with the signing of this

plea agreement, permitting the Internal Revenue Service to assess and

collect at least approximately $482,833 for defendant's tax years

2015 through and including 2018, which comprises the combined tax

liability for such years, as well as assess and collect the civil

fraud penalty for each year and statutory interest, on the tax

liabilities, as provided by law.

<u>THE USAO'S OBLIGATIONS</u>

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained

in this agreement.

c.    Not further criminally prosecute defendant for

offenses, including wire fraud, in violation of 18 U.S.C. § 1343,

arising out of defendant's association with Stan Lee.  Defendant

understands that the USAO is free to criminally prosecute defendant

for any other unlawful past conduct or any unlawful conduct that

occurs after the date of this agreement.  Defendant agrees that at

the time of sentencing the Court may consider the uncharged conduct

in determining the applicable Sentencing Guidelines range, the

propriety and extent of any departure from that range, and the

sentence to be imposed after consideration of the Sentencing

Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

1

## NATURE OF THE OFFENSES

2       5.   Defendant understands that for defendant to be guilty of

3  the crimes charged in the two-count Information, that is, subscribing

4  to a false tax return, in violation of Title 26, United States Code,

5  Section 7206(1), the following must be true: (1) defendant signed and

6  caused to be filed a tax return that he knew contained false

7  information as to a material matter; (2) the return contained a

8  written declaration that it was being signed subject to the penalties

9  of perjury; and (3) in filing the false tax return, defendant acted

10  willfully.  A matter is "material" if it had a natural tendency to

11  influence, or was capable of influencing, the decisions or activities

12  of the Internal Revenue Service.  To prove that defendant acted

13  "willfully," the government must prove beyond a reasonable doubt that

14  defendant knew federal tax law imposed a duty on him, and that

15  defendant intentionally and voluntarily violated that duty.

16

## PENALTIES AND RESTITUTION

17       6.   Defendant understands that the statutory maximum sentence

18  that the Court can impose for each violation of Title 26, United

19  States Code, Section 7206(1), is: three years' imprisonment; a one-

20  year period of supervised release; a fine of $100,000 or twice the

21  gross gain or gross loss resulting from the offense, whichever is

22  greatest; and a mandatory special assessment of $100.  Therefore, the

23  total statutory maximum sentence that the Court can impose for all

24  counts of conviction is: six years' imprisonment; a one-year period

25  of supervised release; a fine of $200,000 or twice the gross gain or

26  gross loss resulting from the offenses, whichever is greatest; and a

27  mandatory special assessment of $200.

28

7.    Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the United States' compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed or not brought pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties agree that defendant owes restitution to the IRS of at least approximately $482,833.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm,

the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to felonies and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the convictions in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty pleas.

      10.    Defendant understands that, if defendant is not a United
States citizen, the felony convictions in this case may subject
defendant to: removal, also known as deportation, which may, under
some circumstances, be mandatory; denial of citizenship; and denial
of admission to the United States in the future.  The Court cannot,
and defendant's attorney also may not be able to, advise defendant
fully regarding the immigration consequences of the felony
convictions in this case.  Defendant understands that unexpected
immigration consequences will not serve as grounds to withdraw
defendant's guilty pleas.

FACTUAL BASIS

      11.    Defendant admits that defendant is, in fact, guilty of the
offenses to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided in Exhibit B
attached hereto below and agree that this statement of facts is
sufficient to support pleas of guilty to the charges described in
this agreement and to establish the Sentencing Guidelines factors set
forth in paragraph 13 below but is not meant to be a complete

recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

SENTENCING FACTORS

12.    Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.    Defendant and the USAO agree to that the Sentencing Guidelines base offense level is 18 pursuant to USSG § 2T4.1(G). Additionally, the USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraphs 2 and 3 are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below. Furthermore, the government reserves the right to argue for, and defendant reserves the right to oppose, specific offense characteristics/adjustments as follows: a greater base offense level that covers tax loss of up to more than $1.5 million, pursuant to USSG § 2T4.1(I), for a base offense level of 22,

based upon defendant's conversion of property worth approximately $11.5 million; income from criminal activity pursuant to USSG § 2T1.1(b)(1)(two levels); abuse of trust pursuant to USSG § 3B1.3 (two levels); and vulnerable victim pursuant to USSG § 3A1.1(b)(1)(two levels). Subject to paragraph 26 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>LIMITED WAIVER OF DISCOVERY</u>

17. Defendant acknowledges that he has received certain discovery from the government and that he has had sufficient time to review and discuss that discovery with his attorney. In exchange for the government's obligations under this agreement, defendant waives and gives up any right he may have to review additional discovery

1  that the government has not produced or to claim that the government

2  has not produced all discovery.

### WAIVER OF APPEAL OF CONVICTIONS

4      18.    Defendant understands that, with the exception of an

5  appeal based on a claim that defendant's guilty pleas were

6  involuntary, by pleading guilty defendant is waiving and giving up

7  any right to appeal defendant's convictions on the offenses to which

8  defendant is pleading guilty.  Defendant understands that this waiver

9  includes, but is not limited to, arguments that the statute to which

10  defendant is pleading guilty is unconstitutional, and any and all

11  claims that the statement of facts provided herein is insufficient to

12  support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

14      19.    Defendant agrees that, provided the Court imposes a total

15  term of imprisonment on all counts of conviction of no more than the

16  statutory maximum, defendant gives up the right to appeal all of the

17  following: (a) the procedures and calculations used to determine and

18  impose any portion of the sentence; (b) the term of imprisonment

19  imposed by the Court; (c) the fine imposed by the Court, provided it

20  is within the statutory maximum; (d) to the extent permitted by law,

21  the constitutionality or legality of defendant's sentence, provided

22  it is within the statutory maximum; any order of restitution; (f) the

23  term of probation or supervised release imposed by the Court,

24  provided it is within the statutory maximum; and (g) any of the

25  following conditions of probation or supervised release imposed by

26  the Court: the conditions set forth in Second Amended General Order

27  20-04 of this Court; the drug testing conditions mandated by 18

U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.    The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.    Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea or pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any Speedy Trial Act claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL, OR SET-ASIDE</u>

22.    Defendant agrees that if any count of conviction is vacated, reversed, or set aside, both the United States and defendant will be released from all their obligations under this agreement.

1

## EFFECTIVE DATE OF AGREEMENT

2      23.   This agreement is effective upon signature and execution

3 of all required certifications by defendant, defendant's counsel, and

4 an Assistant United States Attorney.

5

## BREACH OF AGREEMENT

6      24.   Defendant agrees that if defendant, at any time after the

7 effective date of this agreement, knowingly violates or fails to

8 perform any of defendant's obligations under this agreement ("a

9 breach"), the USAO may declare this agreement breached.  For example,

10 if defendant knowingly, in an interview, before a grand jury, or at

11 trial, falsely accuses another person of criminal conduct or falsely

12 minimizes defendant's own role, or the role of another, in criminal

13 conduct, defendant will have breached this agreement.  All of

14 defendant's obligations are material, a single breach of this

15 agreement is sufficient for the USAO to declare a breach, and

16 defendant shall not be deemed to have cured a breach without the

17 express agreement of the USAO in writing.  If the USAO declares this

18 agreement breached, and the Court finds such a breach to have

19 occurred, then:

20           a.   If defendant has previously entered a guilty plea

21 pursuant to this agreement, defendant will not be able to withdraw

22 the guilty plea.

23           b.   The USAO will be relieved of all its obligations under

24 this agreement; in particular, the USAO will no longer be bound by

25 any agreements concerning sentencing and will be free to seek any

26 sentence up to the statutory maximum for the crime to which defendant

27 has pleaded guilty.

28

1            c.   The USAO will be free to criminally prosecute

2    defendant for false statement, obstruction of justice, and perjury

3    based on any knowingly false or misleading statement by defendant.

4            COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

5                         OFFICE NOT PARTIES

6        25.   Defendant understands that the Court and the United States

7    Probation and Pretrial Services Office are not parties to this

8    agreement and need not accept any of the USAO's sentencing

9    recommendations or the parties' agreements to facts or sentencing

10   factors.

11       26.   Defendant understands that both defendant and the USAO are

12   free to: (a) supplement the facts by supplying relevant information

13   to the United States Probation and Pretrial Services Office and the

14   Court, (b) correct any and all factual misstatements relating to the

15   Court's Sentencing Guidelines calculations and determination of

16   sentence, and (c) argue on appeal and collateral review that the

17   Court's Sentencing Guidelines calculations and the sentence it

18   chooses to impose are not error, although each party agrees to

19   maintain its view that the calculations in paragraph 13 are

20   consistent with the facts of this case.  While this paragraph permits

21   both the USAO and defendant to submit full and complete factual

22   information to the United States Probation and Pretrial Services

23   Office and the Court, even if that factual information may be viewed

24   as inconsistent with the facts agreed to in this agreement, this

25   paragraph does not affect defendant's and the USAO's obligations not

26   to contest the facts agreed to in this agreement.

27       27.   Defendant understands that even if the Court ignores any

28   sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

29. The parties agree that this agreement will be considered

//

//

//

1    part of the record of defendant's guilty plea hearing as if the

2    entire agreement had been read into the record of the proceeding.

3    AGREED AND ACCEPTED

4    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
5    CALIFORNIA

6    JOSEPH T. MCNALLY
     Acting United States Attorney

7    *Mark Aveis*                         1/24/2025

8    _____          _____
     MARK AVEIS                           Date
9    SARAH E. SPIELBERGER
     Assistant United States Attorneys
10        see attached signature page
     _____          _____
11   MAC MARTIN ANDERSON, aka Max         Date
     Anderson, Defendant
12        see attached signature page
     _____          _____
13   JOHN ROGERS                          Date
     Attorney for Defendant Mac Martin
14   Anderson

15                   CERTIFICATION OF DEFENDANT

16
17        I have read this agreement in its entirety.  I have had enough

18   time to review and consider this agreement, and I have carefully and

19   thoroughly discussed every part of it with my attorney.  I understand

20   the terms of this agreement, and I voluntarily agree to those terms.

21   I have discussed the evidence with my attorney, and my attorney has

22   advised me of my rights, of possible pretrial motions that might be

23   filed, of possible defenses that might be asserted either prior to or

24   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25   of relevant Sentencing Guidelines provisions, and of the consequences

26   of entering into this agreement.  No promises, inducements, or

27   representations of any kind have been made to me other than those

28   contained in this agreement.  No one has threatened or forced me in

                                  17

1  part of the record of defendant's guilty plea hearing as if the

2  entire agreement had been read into the record of the proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
5  CALIFORNIA

6  E. MARTIN ESTRADA
   United States Attorney

7

8
   MARK AVEIS                              Date
9  SARAH E. SPIELBERGER
   Assistant United States Attorneys
10                                         _1-22-25_

11 MAC MARTIN ANDERSON, aka Max            Date
   Anderson, Defendant
12                                         _1/22/2025_

13 JOHN ROGERS                             Date
   Attorney for Defendant Mac Martin
14 Anderson

15

16                  CERTIFICATION OF DEFENDANT

17      I have read this agreement in its entirety.  I have had enough

18 time to review and consider this agreement, and I have carefully and

19 thoroughly discussed every part of it with my attorney.  I understand

20 the terms of this agreement, and I voluntarily agree to those terms.

21 I have discussed the evidence with my attorney, and my attorney has

22 advised me of my rights, of possible pretrial motions that might be

23 filed, of possible defenses that might be asserted either prior to or

24 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25 of relevant Sentencing Guidelines provisions, and of the consequences

26 of entering into this agreement.  No promises, inducements, or

27 representations of any kind have been made to me other than those

28 contained in this agreement.  No one has threatened or forced me in

                            17

1   any way to enter into this agreement. I am satisfied with the

2   representation of my attorney in this matter, and I am pleading

3   guilty because I am guilty of the charges and wish to take advantage

4   of the promises set forth in this agreement, and not for any other

5   reason.

6                                                   1-22-25

7   MAC MARVIN ANDERSON, aka Max        Date
    Anderson
8   Defendant

9

10                 CERTIFICATION OF DEFENDANT'S ATTORNEY

11       I am Mac Martin Anderson's attorney. I have carefully and

12   thoroughly discussed every part of this agreement with my client.

13   Further, I have fully advised my client of his rights, of possible

14   pretrial motions that might be filed, of possible defenses that might

15   be asserted either prior to or at trial, of the sentencing factors

16   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

17   provisions, and of the consequences of entering into this agreement.

18   To my knowledge: no promises, inducements, or representations of any

19   kind have been made to my client other than those contained in this

20   agreement; no one has threatened or forced my client in any way to

21   enter into this agreement; my client's decision to enter into this

22   agreement is an informed and voluntary one; and the factual basis set

23   forth in this agreement is sufficient to support my client's entry of

24   guilty pleas pursuant to this agreement.

25                                                 1/22/2025

26   JOHN ROGERS                        Date
    Attorney for Defendant Mac Martin
27   Anderson

28

                                   18

any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          _____
MAC MARTIN ANDERSON, aka Max              Date
Anderson
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Mac Martin Anderson's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
guilty pleas pursuant to this agreement.

_____          _____
JOHN ROGERS                               Date
Attorney for Defendant Mac Martin
Anderson

<u>EXHIBIT A</u>

[Information]

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>MAC MARTIN ANDERSON,<br>        aka "Max Anderson,"<br><br>                    Defendant. | CR No.<br><br>I N F O R M A T I O N<br><br>[26 U.S.C. § 7206(1):<br>Subscribing to False Tax<br>Return] |

The United States Attorney charges:

COUNT ONE

[26 U.S.C. § 7206(1)]

On or about October 20, 2021, in Riverside County, within the Central District of California, and elsewhere, defendant MAC MARTIN ANDERSON, also known as "Max Anderson," willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for calendar year 2017 (the "2017 Tax Return"), which defendant ANDERSON verified by a written

declaration that it was made under the penalty of perjury and
filed and caused to be filed with the Internal Revenue Service,
and which defendant ANDERSON did not believe to be true and
correct as to every material matter in that, among other things,
defendant ANDERSON reported, on line 22, that defendant ANDERSON
had total income in the amount of $122,500, when, as defendant
ANDERSON then well knew and believed, his total income for that
year was substantially higher than the amount he reported.

COUNT TWO

[26 U.S.C. § 7206(1)]

On or about October 20, 2021, in Riverside County, within the Central District of California, and elsewhere, defendant MAC MARTIN ANDERSON, also known as aka "Max Anderson," willfully made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for calendar year 2018 (the "2018 Tax Return"), which defendant ANDERSON verified by a written declaration that it was made under the penalty of perjury and filed and caused to be filed with the Internal Revenue Service, and which defendant ANDERSON did not believe to be true and correct as to every material matter in that, among other things, defendant ANDERSON reported, on line 6, that defendant ANDERSON had total income in the amount of $4,302, when, as defendant ANDERSON then well knew and believed, his

//
//
//
//
//
//
//
//
//
//
//
//

3

total income for that year was substantially higher than the amount he reported.

JOSEPH T. MCNALLY
Acting United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

MARK AVEIS
Assistant United States Attorney
Major Frauds Section

SARAH E. SPIELBERGER
Assistant United States Attorney
Asset Forfeiture and Recovery Section

EXHIBIT B

[Stipulated Factual Basis]

Defendant admits that defendant willfully subscribed to false income tax returns for tax years 2017 and 2018, in violation of 26 U.S.C. § 7206(1), as more fully discussed below, and that he did the things set forth below which defendant admits establish a factual basis under Fed. R. Crim. P. 11 et seq. for the charges set forth in the Information in this case as well as to support the Sentencing Guidelines base offense level set forth in this plea agreement. Nothing by this factual basis shall foreclose the government's right under this plea agreement to argue for, or for defendant to oppose, a greater net Sentencing Guidelines offense level as provided for in this plea agreement.

During the course of his several-year relationship with Marvel comic book icon Stan Lee, defendant sold Marvel-related items bearing Lee's autograph to various dealers, brokers, and others, and at comic conventions. In exchange for selling these items, defendant received payments from buyers, typically in the form of cash or checks. These payments represented income to defendant that defendant knew he was required to report on his (defendant's) income tax returns. Defendant also received income, for which he similarly knew that he was required to report on his income tax returns, from selling Marvel and Stan Lee memorabilia at comic conventions.

Defendant admits that defendant was at all relevant times a calendar-year taxpayer and that, for the calendar years 2015 through and including 2018, defendant received reportable income as describe above of at least approximately $1,236,485 ($289,460, $452,269, $414,166, and $80,590 for tax years 2015 through and including 2018,

respectively). Defendant admits that the tax due and owing on such income was at least approximately $482,833 ($111,611, $184,311, $165,288, and $21,623 for tax years 2015 through and including 2018, respectively).

On or about October 20, 2021, defendant signed each of his 2015, 2016, 2017, and 2018 federal income tax returns under penalty of perjury that he did not believe to be true and correct as to every material matter in which, as he well knew, he had additional income as stated above that he willfully failed to report. On or about October 20, 2021, defendant caused to be mailed and submitted to the Internal Revenue Service ("IRS") each such return from a U.S. Postal Service facility, postage prepaid, in Rancho Cucamonga, California, in the Central District of California and that the IRS received each such return.